UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KAREEM BODY-ETTI,

    Plaintiff,

    v.                                                 Case No. 21-C-1041

CO STURZL,

    Defendant.

---

## SCREENING ORDER

---

Plaintiff Kareem Body-Etti, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendant violated his civil rights. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $47.85. The Court will grant Plaintiff's motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is an inmate at the Green Bay Correctional Institution. Dkt. No. 1 at 1. Defendant CO Sturzl is a correctional officer at the institution. *Id*. at 1-2. On May 11, 2021, CO Sturzl and CO Tomac (not a defendant) went to Plaintiff's cell to pick up a food tray. *Id*. at 2. Plaintiff slid the food tray out of the trap door and placed his right hand in the trap as he talked to CO Tomac. *Id*. CO Sturzl asked Plaintiff why he was holding his trap door, and CO Tomac responded, "he is not holding his trap we are talking." *Id*. Plaintiff then told CO Sturzl to "please stop talking to me," and he continued to talk to CO Tomac. *Id*. at 3. CO Sturzl then threatened to give Plaintiff a "ticket" for holding his trap door. *Id*. Plaintiff said he was not holding his trap door and again told CO Sturzl to stop talking to him. *Id*. CO Tomac also reiterated that Plaintiff was not holding his trap door and that they were just talking. *Id*. Plaintiff and CO Tomac continued talking. *Id*.

As Plaintiff turned his head to finish talking to CO Tomac, CO Sturzl "used his knee to slam [Plaintiff's] right hand in the trap and press[] on it." *Id*. CO Tomac exclaimed, "whoa you can't slam his hand in the trap like that." *Id*. CO Sturzl responded, "he should have moved it you act like a Bitch you get treated like one." *Id*. Plaintiff experienced significant pain from having his hand slammed in the trap door. *Id*. For relief, Plaintiff seeks monetary damages. *Id*. at 4.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of*

3

*Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff alleges that CO Sturzl used his knee to intentionally slam Plaintiff's right hand in the trap door. To state a claim for excessive force under the Eighth Amendment, Plaintiff must allege that a defendant applied force maliciously and sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Factors relevant to a defendant's mental state include the need for force, the amount of force used, the threat reasonably perceived by officers, efforts made to temper the severity of the force, and the extent of injuries caused by the force. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). "[A] prisoner need not show a 'significant injury' in order to have a good claim under the [E]ighth [A]mendment, if a guard inflicted pain maliciously or sadistically." *Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012) (citing *Hudson*, 503 U.S. at 7).

According to Plaintiff, there was no legitimate penological reason to slam his hand into the trap door, and CO Sturzl only did it to unnecessarily cause pain. CO Sturzl allegedly even said, "you act like a Bitch you get treated like one." Dkt. No. 1 at 3. Based on these allegations, the Court can reasonably infer that CO Sturzl used force maliciously or sadistically for the purpose of inflicting pain rather than in a good faith attempt to maintain or restore discipline. Accordingly, Plaintiff may proceed with an Eighth Amendment excessive force claim against CO Sturzl regarding the May 11, 2021 incident at the Green Bay Correctional Institution.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order

are being electronically sent today to the Wisconsin Department of Justice for service on CO Sturzl.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, CO Sturzl shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the **$302.15** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 26th day of October, 2021.

>s/ William C. Griesbach
>William C. Griesbach
>United States District Judge